**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50258 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00206-FMO-4 |
| v. | |
| NAYAR JOSUE BELTRAN CAMPOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted May 6, 2024**
Pasadena, California

Before:  FORREST and BUMATAY, Circuit Judges, and DONATO,*** District
Judge.

Nayar Josue Beltran Campos appeals a custodial sentence of 127 months

imposed for his conviction under 21 U.S.C. § 963 and 21 U.S.C. § 960(b)(1) for

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

conspiracy to import controlled substances. Campos contends that the district court did not properly consider the need to avoid unwarranted sentence disparities among the co-defendants in this case, as it was required to do pursuant to 18 U.S.C. § 3553(a)(6). We affirm.

"The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). In addition, we "assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors," and the district court need not "articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence." *Id*.

The record demonstrates that the district court properly addressed the factors described in 18 U.S.C. § 3553(a) and gave specific attention to the question of unwarranted sentence disparities. The district court was clearly "familiar with [Campos's] crimes, personal situation, and both the government's and [Campos's] arguments regarding sentencing." *United States v. Carter*, 560 F.3d 1107, 1117 (9th Cir. 2009). The district court stated at the beginning of the sentencing hearing that it had read and considered defendant's sentencing papers, which contained defendant's sentencing disparities argument. During the hearing, Campos raised the sentences his co-defendants had received, and the need to avoid unwarranted disparities. The district court "heard and considered" Campos's arguments and it

considered the § 3553(a) factors, including the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id*. at 1118.

Consequently, there was no plain error in the district court's consideration and application of the § 3553(a) factors. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Because the sentencing was "procedurally sound," we "then consider the substantive reasonableness of the sentence imposed." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The sentence was not substantively unreasonable because it was different from the sentences imposed on Campos's co-defendants. Campos contends that he received a longer sentence than two co-defendants, but he failed to address what crimes these co-defendants were convicted of. *See Carter*, 560 F.3d at 1121 (collecting cases listing various considerations that warrant disparate co-defendant sentences). In addition, for one of the co-defendants, Campos does not know for sure what sentence that co-defendant received. And for the other, Campos argues that the co-defendant was more culpable because he possessed a larger quantity of drugs, despite having argued to the district court that the purity and quantity of drugs possessed are not necessarily reliable indicators of a defendant's degree of culpability. In sum, Campos has not shown that his sentence was lengthier than the sentences received by co-conspirators who were "similarly situated" to him,

and the alleged disparities between Campos's sentence and those of his co-conspirators do not make Campos's sentence substantively unreasonable. *Id*.

**AFFIRMED.**